# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**SAIDAH D. YOUNG**                                                                 **PLAINTIFF**

**v.**                            Case No. 3:19-cv-00021-LPR

**ANDREW SAUL,**
   **Commissioner of Social Security Administration**                  **DEFENDANT**

## ORDER

On December 12, 2019, United States Magistrate Judge Patricia S. Harris issued a Recommended Disposition (the "Recommendation").[1] On December 26, 2019, Plaintiff Saidah Young filed objections to the Recommendation.[2] She identifies two, or possibly three, areas of contention. The Court has conducted a de novo review of the Commissioner's decision and the entire record. Based on that review, the Court adopts the Recommendation in its entirety. The Court overrules Plaintiff's objections as follows.

### I.    Appeals Council's Decision

Plaintiff initially objects to the Recommendation because it does not recommend remanding her case to the Appeals Council for its review of the Administrative Law Judge's ("ALJ") decision.[3] She maintains that her exceptions to the ALJ's decision were filed timely, and that she is procedurally entitled to the Appeals Council's review.[4] The Recommendation briefly

---

[1] Doc. 18.

[2] Doc. 19.

[3] *Id.* at 1-2.

[4] *Id.* at 2.

mentions Plaintiff's most recent encounter with the Appeals Council.[5] Embedded in the extensive procedural history of the case, the Recommendation states: "While Ms. Young's attorney claimed that he filed timely objections to that decision, the Appeals Council found those objections to be untimely; therefore, ALJ Ingram's decision now stands as the final decision of the Commissioner, and Ms. Young has requested judicial review."[6] Given Plaintiff's objection, the Court will give a slightly more fulsome explanation.[7]

The ALJ rendered his decision on July 23, 2015.[8] Plaintiff had thirty (30) days to file exceptions to the ALJ's decision.[9] Although Plaintiff's counsel believed that he had filed exceptions within the thirty (30) day window, he later learned that the exceptions were never received.[10] Plaintiff's counsel re-submitted exceptions to the Appeals Council in June 2017, and to the local West Memphis Social Security Administration Office in July 2017.[11] On April 9, 2018, the Appeals Council sent Plaintiff's counsel a letter stating that it received Plaintiff's exceptions on July 19, 2017, but that the exceptions were nearly two years late.[12] The Appeals Council instructed Plaintiff's counsel to respond to its letter with "proof that you sent us exceptions

---

[5] Doc. 18 at 4.

[6] Doc. 18 at 4 (internal citations omitted).

[7] It is not clear that the Court even has jurisdiction over the Appeals Council's decision to decline review of Plaintiff's exceptions. The Appeals Council's decision to decline review of Plaintiff's exceptions is not a final order as that term is used in the Social Security Act. *Compare Sheehan v. Sec'y of Health, Ed. & Welfare*, 593 F.2d 323, 325 (8th Cir. 1979) (citing *Califano v. Sanders*, 430 U.S. 99, 107–08 (1977)), *with Smith v. Berryhill*, 139 S. Ct. 1765 (2019). Nonetheless, out of an abundance of caution, the Court decides the issue.

[8] Tr. at 521-530.

[9] 20 C.F.R. § 404.984(b)(1).

[10] Tr. 498.

[11] *Id.*

[12] Tr. at 515-16.

on time."[13]

On April 19, 2018, Plaintiff's counsel responded.[14] He claimed that he originally mailed Plaintiff's exceptions on August 17, 2015, and that he only re-summitted Plaintiff's exceptions in July 2017 after realizing that Plaintiff's file had been closed.[15] Importantly, Plaintiff's counsel conceded he had no proof that he sent the exceptions on time.[16] The only evidence he provided was "a copy of the [exceptions] dated August 17, 2015," and his notarized signature supporting the veracity of his claim.[17] That is not proof that the exceptions were timely sent.

On December 21, 2018, the Appeals Council issued a letter concluding that Plaintiff's counsel's explanation was not compelling, and that the ALJ's decision is the final decision of the Commissioner.[18] On January 9, 2019, Plaintiff's counsel sent the Appeals Council a second letter explaining his delay.[19] This time, Plaintiff's counsel attached a receipt from the post office demonstrating that he sent "First-Class Mail" to the Appeals Council's address on August 15, 2017.[20] Presumably, this was precisely the kind of proof the Appeals Council had originally requested. But before the Appeals Council had an opportunity to respond to the second letter, Plaintiff filed this civil action on January 31, 2019.[21] By acting on the Commissioner's Final decision (the ALJ decision), Plaintiff effectively prevented the Appeals Council from assuming

---

[13] *Id.* at 515.

[14] Tr. 498-498A.

[15] *Id.* at 498.

[16] *Id.*

[17] *Id.* ("You state that I must show that I sent you exceptions within Thirty (30) days of the date I received the Administrative Law Judge's Decision and provide proof that I sent you exceptions. The only proof that I have is a copy of the letter dated August 17, 2015, which by my notarized signature below, confirm [sic] that it was sent out by my office and was never returned.").

[18] Tr. 496.

[19] Exhibit 2 to (Doc. 1-2) at 3-5.

[20] *Id.*

[21] Doc. 1.

3

jurisdiction even if they wanted to do.[22]

The Recommendation correctly disposed of this issue. Plaintiff failed to file exceptions with the Appeals Council within thirty (30) days of the ALJ's ruling. There was evidence to suggest the failure to timely file was not Plaintiff's fault—the post office receipt demonstrating that Plaintiff's counsel mailed "First-Class Mail" to the Appeals Council on August 15, 2017. The problem for Plaintiff is that her counsel did not produce this evidence in response to the Appeals Council's request for proof. Worse, Plaintiff's counsel's response instead indicated that he had no proof the exceptions were sent on time. Plaintiff's counsel did not produce the receipt until *after* the Appeals Council rendered its December 2018 decision concluding that there was no evidence that the exceptions were timely sent. Moreover, after finally sending in the receipt, Plaintiff did not wait for the Appeals Council to respond. Instead, Plaintiff filed this civil action. In so doing, Plaintiff invoked this Court's jurisdiction and essentially prevented the Appeals Council from assuming jurisdiction even if it was inclined to do so.[23] Accordingly, the Appeals Council did not err in refusing to consider Plaintiff's administrative appeal. The Court overrules Plaintiff's objection and approves the Recommendation's decision to not remand Plaintiff's claim to the

---

[22] The Appeals Council did not want to assume jurisdiction. On March 15, 2019, the Appeals Council notified Plaintiff that it was retroactively extending her deadline to file a civil action to January 31, 2019. Tr. 495. Without the Appeals Council's retroactive extension, Plaintiff's case could have been subject to dismissal. Indeed, when a plaintiff fails to file exceptions to an ALJ decision, and when the Appeals Council does not review the decision on its own, the decision becomes final on the 61st day following the ALJ's notice of decision. 20 C.F.R. §§ 404.984(c)-(d). A plaintiff then has 60 days from the day a decision becomes final to file a civil action in the district court. 42 U.S.C. § 405(g). Because Plaintiff here did not file timely objections, the ALJ's decision became final on September 22, 2015. Plaintiff's 60 days to file a civil action had long expired by the time her Complaint was ultimately filed.

[23] "[W]hen a case is remanded by a Federal court for further consideration, the decision of the administrative law judge will become the final decision of the Commissioner . . . unless the Appeals Council assumes jurisdiction of the case." 20 C.F.R. § 404.984(a). After a decision is final, a party to that decision "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or *within such further time as the Commissioner of Social Security may allow*." 42 U.S.C.A. § 405(g) (emphasis added). Once a civil action is filed, the Commissioner may not take further action in the case unless the Court remands the case to the Commissioner "on motion of the Commissioner . . . made for good cause shown before the Commissioner files the Commissioner's answer . . . ." *Id.*

Appeals Council.

## II. Closed Period of Disability

Plaintiff's second objection contests the Recommendation's determination that there was no closed period of disability.[24] Specifically, Plaintiff disagrees to the extent the Recommendation "sustain[s] the ALJ's finding that there was no more than an eleven month continuous period of disability."[25] The Court has reviewed de novo the Commissioner's decision and the entire record. Pursuant to that review, the Court overrules Plaintiff's objection and approves and adopts the Recommendation on this point.

## III. Remand Requirements

At the end of Plaintiff's two-and-a-half page brief, Plaintiff broadly asserts "that the remand requirements were not met with [sic] by the ALJ nor reviewed by the Appeals Council."[26] It is unclear whether this is a separate, broader objection to the entire Recommendation, or whether Plaintiff is merely reiterating and summarizing her other objections. To the extent Plaintiff intended this statement to stand alone as a third objection to the Recommendation, this objection is not specific enough to require de novo review.

Federal Rule of Civil Procedure 72(b)(2) states that "a party may serve and file *specific* written objections" to a magistrate's proposed findings and recommendations.[27] Multiple circuits have held that general objections to an entire recommendation do not warrant a district court's de

---

[24] Doc. 19 at 2.

[25] *Id.*

[26] *Id.* at 2-3.

[27] FED. R. CIV. P. 72(b)(2) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination *of those portions of the report* or *specified* proposed findings or recommendations *to which objection is made*.") (emphasis added).

5

novo review.[28] The Eighth Circuit has indicated that specificity is especially necessary when a case (such as this one) involves "extensive records and/or lengthy transcripts which would make it difficult for the district court to focus upon the alleged errors if insufficiently directed by the parties."[29] Objections must go beyond a "rehashing and expansion of the grounds asserted in the petition."[30] Conversely, if a *pro se* plaintiff makes a general objection, and the "relevant record is strikingly brief" and does not "involve extensive records and/or lengthy transcripts," de novo review would still be appropriate.[31]

This case is not one of the circumstances where de novo review is warranted despite a lack of specific objections. Plaintiff here is not acting *pro se*. And Plaintiff's case is anything but brief. It spans nearly twenty years, four ALJ decisions, three remands, and many appeals. Nevertheless, out of an abundance of caution, the Court reviewed de novo the Commissioner's entire decision and the entire record. Based on that review, the Court overrules Plaintiff's objection and adopts the Recommendation in its entirety.

IT IS THEREFORE ORDERED that the Commissioner's decision is AFFIRMED.

---

[28] *See e.g.*, *Zumwalt v. Astrue*, 220 F. App'x 770, 777 (10th Cir. 2007) (holding that "objections must be specific because 'only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance'" (quoting *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996))); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (reasoning that a general objection to the entirety of a magistrate's report has the same effect as failing to object at all); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) (explaining that "an objection stating only 'I object' preserves no issue" for a district court or a subsequent appeal); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) (opining that "providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (explaining that de novo review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's" recommendation).

[29] *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir.1994)); *see also Branch v. Martin,* 886 F.2d 1043, 1046 (8th Cir. 1989) (finding that "plaintiff's objections to the magistrate's factual conclusions were . . . *specific enough* to trigger de novo review.") (emphasis added).

[30] *Belk*, 15 F.3d at 815.

[31] *Id.* The opposite is also true. When the record is voluminous, the lack of specific objections render de novo review "difficult" and impractical. *Id.* And as discussed earlier, such review negates the magistrates role. *See, e.g.*, *Zumwalt*, 220 F. App'x at 777.

Judgment will be entered on the Commissioner's behalf in accordance with this Order.

DATED this 27th day of March 2020.

                                                                          UNITED STATES DISTRICT JUDGE